■ KAREN WASSERMAN, Respondent, v NRG REALTY CORPORATION, Appellant.—Order, Supreme Court, New York County (Peter J. McQuillan, J.), entered December 12, 1984, which, *inter alia,* granted plaintiff's motion for summary judgment, and the judgment of the same court and Justice, entered thereon on March 8, 1985, which awarded plaintiff the sum of $11,210, inclusive of interest, affirmed, with costs and disbursements.

In our view, Special Term properly found that the defendant landlord violated the terms of the lease by unreasonably withholding its consent to a subletting of the subject apartment pursuant to the terms of the lease. We also agree that plaintiff was damaged in the sum of $9,500, representing the amount that the proposed sublessees were prepared to pay plaintiff for her fixtures.

While agreeing with the determination that defendant is liable for its unjustified rejection of the proposed subletting, our dissenting colleague finds issues of fact as to the value of the fixtures that were to be sold and as to whether they were fixtures, or, in fact, improvements which remain the property of the landlord. Accordingly, he would remand for an assessment of damages. The claim that improvements were included in the sale of fixtures was never raised at Special Term either on the original motion or the motion for only the value of the fixtures, claiming that the $9,500 to be paid therefor was, in reality, "key money", or a subterfuge for the charge of a higher rental, to which, pursuant to the terms of the lease, it,

and not plaintiff, was entitled. Having failed at Special Term to raise this issue, which is purely factual, defendant may not raise it for the first time on appeal. *(First Intl. Bank v Blankstein & Son,* 59 NY2d 436.)

Furthermore, the actual value of the fixtures which were to be sold as part of the proposed subletting is not the measure of plaintiff's damages. Plaintiff sues, not for the loss of the fixtures, in which case value would be the measure, but for the loss of the sale. There is no question that she had a buyer ready, willing and able to purchase the fixtures at the agreed-upon price. After frustrating the sale, defendant cannot now deprive plaintiff of the benefit of her bargain by a challenge to the fair market value of each and every item. Interestingly, on the renewed motion, defendant did not challenge the itemization of fixtures included in the sale, only their value. Its argument was that they were virtually worthless. In an action to recover damages because of interference with contractual relations the tort-feasor is liable for "the full pecuniary loss of the benefits of the contract with which [it] interfered". *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 197; *see also,* Restatement [Second] of Torts § 774A [1] [a].) Concur—Sullivan, J. P., Carro, Asch and Rosenberger, JJ.

Kassal, J., dissents in part in a memorandum as follows: I agree with the majority's determination holding defendant landlord liable by reason of its unjustified rejection of the proposed assignment of the loft lease by plaintiff tenant. Partial summary judgment is warranted to that extent. However, I would modify the order to direct that there be an assessment to determine the tenant's damages.

In January 1983, the tenant entered into a renewal lease for loft premises at 42 West 30th Street in the City of New York. Paragraph 27 of the rider to that lease expressly permitted the tenant to sell her fixtures to the new tenant upon the subletting or assignment of the lease. The landlord agreed in paragraph 33 not to unreasonably withhold consent to such transfer of the leasehold, subject to certain conditions not relevant herein. Paragraph 33 also placed a limitation upon the rental to be paid by the new tenant by directing that any excess rent above that then being paid by the tenant shall be paid over to the landlord.

By letter dated May 9, 1983, the tenant's attorney advised the landlord that the tenant intended to assign the lease to two proposed assignees, with information being given as to

their residences and business associations. The landlord was advised that the assignees would pay the same rental set forth in the lease. On May 13, 1983, the landlord withheld consent to the assignment and terminated the lease as of June 1, 1983. Alleging that this violated the agreement between the parties, this action was commenced to recover $9,500, representing the agreed purchase price for the sale of the fixtures.

In my view, an assessment is necessary to determine the value of plaintiff's "fixtures". The issue cannot be resolved upon the meager proof offered on this motion for summary judgment which falls far short of the required quantum for summary determination. Paragraph third of the lease provides that "all alterations, partitions, additions, or improvements * * * shall be the property of Landlord". As a result, it is essential to separate the bona fide fixtures from the improvements and other items which are expressly not saleable under the agreement.

For example, a summary of the fixtures which allegedly were the subject of the assignment (as taken from plaintiff's schedule) includes such nonfixture improvements as:

(1) exposed brick wall, disposal of debris, wire brushing of exposed wall (total of $400, including plaintiff's personal labor)

(2) entry door, lock and paneling ($150)

(3) built spare bedroom ($1,150, including personal labor charge of $150)

(4) built-in broom closet

(5) paneled south wall

(6) installed new copper pipes

(7) installed shower stall and bathroom sink

(8) exposed brick in west kitchen wall

(9) built steps to roof adjacent to kitchen (personal labor $150)

(total of $1,150 for items [4] to [9] inclusive).

The record includes a two-page handwritten statement by plaintiff as to the moneys she expended for the fixtures, including her own personal labor. They total $5,752.48, which she further increased by the sum of $3,000, claiming that she paid this amount to her predecessor. To that sum is added $2,400 for interest on that money for the 8½ years since she purchased the leasehold. At her examination before trial, she attempted in the vaguest of terms to explain that the $3,000 was for some major appliances, including a hot water heater which had to be replaced. This explanation is incomplete and

unsatisfactory. With one minor exception, she submitted no receipts for her expenditures and included estimated sums as to the value of labor by herself and others.

Special Term was satisfied with such amorphous and unsubstantiated claims. However, since the lease provides that she may only sell fixtures, not improvements, she may not receive any other consideration as increased rental, either directly as rent or indirectly as a lump sum under the guise of "fixtures". Defendant is entitled to have plaintiff prove her actual damages and, therefore, an assessment should be held to determine the damages plaintiff actually sustained.